OPINION
Defendant, William West, appeals from a judgment of the trial court overruling his petition for post-conviction relief.
On January 14, 1992, West was convicted of murder upon entry of hisAlford plea. We affirmed West's conviction and sentence on direct appeal. State v. West (April 29, 1994), Montgomery App. No. 13321, unreported.
On September 9, 1996, West filed a petition for post-conviction relief. R.C. 2953.21. On November 27, 1996, the trial court granted the State's motion for summary judgment and dismissed West's post-conviction petition. On appeal we reversed the trial court's judgment and remanded the case for an evidentiary hearing on the narrow issue of whether West's trial counsel misrepresented to him the contents of the Coroner's report. State v. West (November 14, 1997), Montgomery App. No. 16300, unreported.
The trial court held an evidentiary hearing on August 9-10, 1999. On April 11, 2000, the trial court overruled West's post-conviction petition, concluding that the evidence presented did not demonstrate that West's attorney had misrepresented the contents of the Coroner's report. On April 25, 2000, West timely filed his notice of appeal to this court from the trial court's judgment overruling his post-conviction petition.
On June 9, 2000, West filed a motion in this court requesting a transcript of the post-conviction hearing held in the trial court prepared and a copy provided to him at public expense. We denied that request on July 25, 2000. On August 11, 2000, West filed a motion seeking reconsideration of our July 25, 2000 decision. We denied West's motion for reconsideration on September 8, 2000.
 ASSIGNMENT OF ERROR APPELLANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION HAVE BEEN VIOLATED BY THE STATE'S FAILURE TO TRANSCRIBE THE PROCEEDINGS UNDER APPEAL OR TO PROVIDE HIM WITH A COPY OF SAME.
In his appellate brief West does not challenge any decision made by the trial court, including its decision overruling his petition for post-conviction relief. Instead, West complains about this court's decision denying his request for a transcript of the post-conviction hearing at State expense.
West has failed to allege any error with respect to the proceedings in the trial court. Therefore, there is nothing in this appeal which permits us to exercise our appellate jurisdiction to "review and affirm, modify, or reverse judgments or final orders of courts of record inferior to the court of appeals." Article IV, Section 3(B)(2) of the Ohio Constitution.
We have reviewed both the trial court's April 11, 2000 decision denying West post-conviction relief, and West's appellate brief. It is apparent that West believes that the trial court's conclusion, that West's attorney did not misrepresent to him the contents of the Coroner's report, is not supported by the weight and sufficiency of the evidence presented at the post-conviction hearing.
To the extent that the trial court's decision is based largely upon its assessment of the credibility of the witnesses who testified at the hearing, we doubt that a transcript of the post-conviction hearing would prove all that useful to West. In any event, because West failed to provide this court with a transcript of the post-conviction hearing, the record before us does not exemplify the error alleged, that the trial court's decision is not supported by the evidence. Under those circumstances this court must presume the regularity and validity of the trial court's proceedings. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.